# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>DE SHAUN CRAWFORD,<br>    Defendant. | NO.  CR-02-0199-RHW<br>       CV-04-0286-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

   Before the Court is Defendant DeShaun Crawford's Motion to Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Ct. Rec. 54). In an order dated September 1, 2004, this Court stayed the Defendant's motion, pending the Supreme Court's ruling in in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04-104), and *United States v. Fanfan*, No. 03-47, 2004 WL 1723114 (D. Me. June 28, 2004), *cert granted*, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04-105).

   The statute provides that only if the Motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not

**ORDER STAYING CONSIDERATION OF DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** * 1

entitled to relief in the district court." Rule 4(a), Rules-Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf., United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court declined to make its rulings retroactive to cases on collateral review. *See Cook v. United States*, ___F.3d ___, 2004 WL 2365221 (9th Cir. October 22, 2004) (declining to entertain a successive § 2255 petition on the basis that the Supreme Court had not made *Blakely* retroactive to cases on collateral review). This Court does not anticipate that *Booker* will be made retroactive on collateral review, given that the Supreme Court has declined to do so with either *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *Ring v. Arizona*, 536 U.S. 584 (2002). *See Schiro v. Summerlin*, 124 S. Ct. 2519 (2004) (Ring); *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002)(*Apprendi*). Nevertheless, if the Supreme Court determines that *Booker* is retroactive in the future, Mr. Crawford may refile his petition pursuant to the limitations provision of 28 U.S.C. § 2255(3).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Ct. Rec. 54) is **DENIED without prejudice**, pursuant to Rule 4(a).

2. The District Court Executive is directed to:

    (a)    File this Order;

    (b)    Provide a copy to Movant **AND TO** the United States Attorney, Spokane, Washington; and

    (c)    **CLOSE THIS FILE.**

///
///
///

**ORDER STAYING CONSIDERATION OF DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** \* 2

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward a copy to the *pro se* Defendant.

**DATED** this 2nd day of May, 2005.

s/ ROBERT H. WHALEY
UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2004\Crawford\Crawford.2255.deny.ord.wpd

**ORDER STAYING CONSIDERATION OF DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** \* 3